UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST DUNCAN BAETA,<br>Plaintiff,<br>v.<br>MARTIN OMALLEY,<br>Defendant. | Case No. 26-cv-05243-LJC<br><br>**SECOND ORDER TO SHOW CAUSE**<br>Re: ECF No. 6 |

On July 16, 2026, the Court granted Plaintiff Earnest Duncan Baeta's (Plaintiff) application to proceed in forma pauperis and ordered Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim. ECF No. 5. The Court explained that Plaintiff's claim for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), appeared foreclosed by *Schweiker v. Chilicky*, 487 U.S. 412 (1988). Plaintiff was directed to file either a written response or an amended complaint by August 17, 2026. ECF No. 5 at 4.

On August 11, 2026, Plaintiff timely filed a First Amended Complaint (FAC). ECF No. 6. Accordingly, the Court **DISCHARGES** the prior Order to Show Cause.

The FAC abandons Plaintiff's individual-capacity damages claims under *Bivens* and instead asserts claims under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. Plaintiff alleges that the Social Security Administration (SSA) has unlawfully withheld portions of his retirement benefits based on inaccurate or superseded child-support information and has refused to provide documentation justifying those deductions. He attaches a February 2, 2012 state-court order that he contends contradicts the SSA's actions. FAC ¶¶ 7–20; FAC Ex. A.

United States District Court
Northern District of California

Although Plaintiff no longer asserts the *Bivens* claim previously addressed by the Court, the FAC raises additional concerns regarding whether Plaintiff has stated a claim upon which relief may be granted.

First, the APA generally authorizes judicial review of "*final* agency action." 5 U.S.C. §§ 704, 706 (emphasis added); *California Sea Urchin Comm'n v. Bean*, 828 F.3d 1046, 1049 (9th Cir. 2016) (APA "authorizes judicial review of final agency actions."). The FAC does not sufficiently identify the agency action being challenged or explain why that action is reviewable under the APA.

Second, "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The FAC does not identify a specific nondiscretionary duty requiring SSA to terminate Plaintiff's benefit deductions pending an accounting.

Third, federal law permits the garnishment of Social Security retirement benefits to enforce qualifying child-support obligations. 42 U.S.C. § 659(a) ("moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States . . . to any individual . . . shall be subject . . . to withholding in accordance with State law . . . and to any other legal process brought . . . to enforce the legal obligation of the individual to provide child support or alimony."); *Cervantez v. Sullivan*, 963 F.2d 229, 231 (9th Cir. 1992), *as amended on denial of reh'g* (June 10, 1992) ("Social Security Disability Insurance Program (SSD) . . . benefits may be garnished to pay child and spousal support obligations."). The SSA generally must comply with qualifying legal process, subject to specified statutory and regulatory exceptions. *United States v. Morton,* 467 U.S. 822, 836 (1984) ("[T]he Government cannot be held liable for honoring a writ of garnishment which is 'regular on its face' and has been issued by a court with subject-matter jurisdiction to issue such orders."); *see also* 5 C.F.R. § 581.305(a). Federal law also requires the agency, "as soon as possible (but not later than 15 days) thereafter, send written notice of the notice or service (together with a copy of the notice or service) to the individual at the duty station or last-known home address of the individual." 42 U.S.C. § 659(c)(2)(A); *see also* 5 C.F.R. §

United States District Court
Northern District of California

581.302(a)(1); *Morton*, 467 U.S. at 834.

The FAC does not sufficiently explain what legal process SSA received, whether SSA complied with its notice obligations, or how SSA's deductions violate these requirements. Plaintiff alleges that the SSA sent him two conflicting notices identifying different monthly deductions from his retirement benefits, but neither notice included a copy of the underlying judicial order authorizing those deductions. FAC ¶¶ 9–10. Plaintiff further alleges that, when he contacted SSA to request supporting documentation or accounting records, agency employees refused to provide them and directed him to the "issuing court." *Id.* ¶ 11. These allegations may raise a potential issue concerning SSA's compliance with the statutory and regulatory notice requirements governing garnishment process. *See* 42 U.S.C. § 659(c)(2)(A); 5 C.F.R. § 581.302(a); *Morton*, 467 U.S. at 834. However, those provisions require the agency to furnish the obligor with a copy of the "notice" or "legal process" served on the agency—which is not necessarily the same as the underlying state-court judgment. Although Plaintiff alleges that SSA failed to provide the underlying judicial order, the FAC does not clearly establish whether SSA failed to furnish the qualifying legal process it received. Nor does the FAC identify when SSA received that process, which would permit an assessment of the statutory notice deadline. Accordingly, while Plaintiff has alleged facts concerning the notices he received and SSA's refusal to provide additional documentation, it remains unclear whether those allegations establish a violation of the statutory notice requirements.

Finally, Plaintiff's Exhibit A identifies Joan Baeta as the respondent/defendant and appears to designate the respondent/defendant as the parent ordered to pay support. FAC Ex. A at 1. Although this document may be relevant to Plaintiff's allegations, the FAC does not establish how the 2012 order relates to the legal process underlying the SSA deductions that began in 2024.

Plaintiff is therefore **ORDERED TO SHOW CAUSE** why the FAC should not be dismissed under 28 U.S.C. § 1915(e)(2)(B). By November 30, 2026, Plaintiff may file either a written response explaining why the FAC states a viable claim or a Second Amended Complaint[1]

[1] The FAC now names only former SSA Commissioner, Martin O'Malley, as the defendant. Plaintiff should amend his complaint to name the current SSA Commissioner, Frank J. Bisignano,

United States District Court
Northern District of California

addressing the deficiencies identified above. Plaintiff should identify, to the extent known, (1) the legal process underlying the challenged deductions, (2) the specific action or omission by SSA alleged to violate federal law, (3) the relationship between the attached state-court order and the deductions, and (4) the basis for the relief requested.

Failure to timely respond or file an amended complaint, or failure to state a viable claim, may result in a recommendation that this action be dismissed.

The Case Management Conference currently set for November 5, 2026 is **CONTINUED** to December 17, 2026 at 01:30 PM in San Francisco — Videoconference Only. An updated Case Management Conference Statement is due December 10, 2026.

**IT IS SO ORDERED.**

Dated: November 3, 2026

LISA J. CISNEROS
United States Magistrate Judge

if his Second Amended Complaint so calls for the SSA Commissioner to be a named defendant.